IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT J. CASKEY,
        Plaintiff,

CV 07-1328-PK

v.

OPINION AND
ORDER

QWEST CORPORATION,
        Defendant.

PAPAK, Magistrate Judge:

        This action was filed August 2, 2007, in the Multnomah County Circuit Court by plaintiff *pro se* Robert J. Caskey against defendant Qwest Corporation, alleging Qwest's liability under Oregon and federal law for disability discrimination, medical leave retaliation, and age discrimination. Qwest removed Caskey's action to this court on September 6, 2007. This court has both diversity jurisdiction, *see* 28 U.S.C. § 1332, and federal question jurisdiction, *see* 28 U.S.C. §§ 1331 and 1367, over Caskey's claims.

        Now before the court is Qwest's motion to compel discovery responses and for recovery

Page 1 - OPINION AND ORDER

of attorney fees (#21). The court has considered Qwest's motion and all of the pleadings on file. For the reasons set forth below, Qwest's motion is granted to the extent it seeks an order compelling Caskey's discovery responses, and denied to the extent it seeks recovery of expenses incurred in bringing this motion. Caskey shall have thirty days within which to file compliant responses to Qwest's discovery requests, and all other deadlines in this case shall be stayed pending further order of this court.

## FACTUAL BACKGROUND

Qwest propounded the discovery requests at issue on January 24, 2008, specifically its First Set of Interrogatories and Requests for Production. Caskey's response to Qwest's discovery requests was due February 26, 2008. Caskey failed to make a timely response or to request extension of the time within which to respond.

On March 6, 2008, Qwest requested of Caskey that he comply with his discovery obligations. Caskey subsequently requested an extension of time within which to respond, and Qwest agreed to extend the due date for Caskey's response to March 25, 2008. Caskey again failed to respond to Qwest's discovery requests by the specified date.

Qwest wrote again to request Caskey's compliance on March 28, 2008. Having received no response either to its discovery requests or to its letter, on April 21, 2008, Qwest filed the motion now before the court.

## ANALYSIS

Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters

Page 2 - OPINION AND ORDER

that would bear on, any issue that is or may be in the case. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 351 n. 12 (1978).

If a party elects to oppose a propounding party's discovery requests, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant. *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D. Ind. 2000). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

Pursuant to Federal Civil Procedure Rule 33, each of a propounding party's interrogatories "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If an interrogatory is objected to, "[t]he grounds for objecting . . . must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.*; *see also* L.R. 26.7(a) ("Failure to object to a discovery request within the time permitted by the Federal Rules of Civil Procedure, or within the time to which the parties have agreed, constitutes a waiver of any objection").

Pursuant to Federal Civil Procedure Rule 34, the response to a propounding party's request for production of documents "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons" for objecting. Fed. R. Civ. P. 34(b)(2)(B). "An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Failure to make timely objection to a request for production "constitutes a waiver of any objection." *Richmark Corp. v. Timber*

Page 3 - OPINION AND ORDER

*Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also* L.R. 26.7(a).

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to bring a motion to compel discovery responses if "a party fails to answer an interrogatory submitted under Rule 33, or . . . fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. Pro. 37(a)(3)(B)(iii) and (iv). If such a motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion. . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Pro. 37(a)(5)(A). Notwithstanding the foregoing, "the court must not order this payment if:"

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

*Id.* "Unless otherwise directed by the Court, the party against whom an order to compel has been entered must comply with the order within eleven (11) days after the date of entry of the order." L.R. 37.2.

Caskey, who is litigating this action against Qwest without the benefit of legal counsel, has sounded a consistent note in his correspondence with opposing counsel. Specifically, Caskey has made clear his fundamental willingness to comply with his discovery obligations, but at the same time has consistently expressed bafflement as to precisely what is required of him, on more

than one occasion requesting guidance from his opposing counsel as to how he should respond.[1] It appears that Caskey concedes his complete failure to respond to Qwest's interrogatories and requests for production.

In light of Caskey's clear failure to comply with unambiguous discovery obligations, Qwest's motion to compel production is granted. Rather than the eleven days provided as a default in the Local Rules, Caskey shall have thirty days from the date hereof to respond to Qwest's interrogatories and requests for document production in a manner compliant with the statutory and case law summarized above. In the event of his failure to do so within the specified time, such failure will be construed as a waiver of any objection to the discovery requests, and may result in the imposition of sanctions including an order dismissing Caskey's claims.

In light, however, of Caskey's status as a *pro se* litigant, his consistently expressed willingness to comply with his discovery obligations, and his evident insecurity and confusion regarding his compliance responsibilities, it would be unjust to award Qwest its fees at this time. In the event, however, of Caskey's continued dilatory execution of his responsibilities, Qwest will be permitted to renew its request for reimbursement of its expenses reasonably incurred in bringing this motion.

## CONCLUSION

For the reasons set forth above, Qwest's motion (#21) is granted to the extent it seeks to compel Caskey to respond to Qwest's interrogatories and requests for production, and denied with leave to refile to the extent it seeks payment of expenses. Caskey shall provide compliant

---

[1] Quite properly, counsel for Qwest has refrained from providing Caskey with legal advice, but instead has provided him with copies of relevant federal civil procedure rules.

Page 5 - OPINION AND ORDER

responses to Qwest's discovery requests by July 9, 2008. All other deadlines in this action shall be stayed pending further order from this court.

Dated this 9th day of June, 2008.

*/s/ Paul Papak*

Honorable Paul Papak
United States Magistrate Judge